Nicholas R. Nowicki
AZ Lic. # 029740
McDonough & Nowicki PLLC
7025 East Vernon Avenue
Scottsdale, AZ 85257
Telephone: 612-217-0257
Email: nik@mcnowick.com

*Attorney for Plaintiff,*
*Deborah Hemphill,*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Deborah Hemphill, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Verizon Wireless (VAW) LLC, | |
| Defendant. | **JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, DEBORAH HEMPHILL, BY AND THROUGH COUNSEL, Nicholas Nowicki, and for her Complaint against the Defendant, pleads as follows:

**INTRODUCTION**

1

1. This is a lawsuit to recover damages arising from violations of the Fair Credit Reporting Act (hereinafter the "FCRA") committed by Defendant Verizon Wireless (VAW) LLC (hereinafter "Defendant").

## PARTIES

2. Plaintiff Deborah Hemphill (hereinafter "Plaintiff") is a natural person residing in Arizona City, Pinal County, Arizona.

3. Defendant is a limited liability company organized in the State of Delaware with its chief executive office in California.

4. Defendant is a "person" as defined by 15 U.S.C. § 1681a(b).

## JURISDICTION AND VENUE

5. Jurisdiction of this court arises under 28 U.S.C. § 1331 and 15 U.S.C. 1681p.

6. Venue lies in this district pursuant to 28 U.S.C. § 1391b(2) because Plaintiff initiated and received the results of the credit reporting disputes at issue in Arizona.

7. This Court has personal jurisdiction over Defendant

8. The transactions and occurrences which give rise to this action occurred in Arizona City, Pinal County, Arizona.

9. Venue is proper in the Phoenix Division.

## FACTUAL ALLEGATIONS

10. Plaintiff was a customer of Defendant's.

2

11. Plaintiff obtained cellular telephone services from Defendant.

12. Plaintiff's cell phone bill was typically around 100 to 200 dollar per month.

13. On or about May 28, 2015, Plaintiff received a bill for the amount of $411.

14. Plaintiff knew that her cell phone bill was inaccurate.

15. Plaintiff called Defendant to dispute the bill.

16. Plaintiff spoke with Defendant's fraud department.

17. Plaintiff also spoke with the Pinal County Sherriff.

18. Plaintiff filed a police report.

19. Defendant sent Plaintiff a letter regarding the account and the amount owed.

20. A true and accurate copy of that letter is included as Attachment 1.

21. Attachment 1 is dated June 10, 2015.

22. Attachment 1 states the account number.

23. The account number in Attachment 1 is the same as Plaintiff's account and the same as the account number on Plaintiff's bill.

24. Attachment 1 states that Defendant "has concluded that you are not responsible for any of the charges."

25. Attachment 1 states, "We have terminated all of the disputed mobile number(s) and all fraudulent charges have been reversed."

26. Attachment 1 is what is commonly referred to as a zero balance statement.

27. On or about March of 2016, Plaintiff noticed that Defendant had reported the $411 debt on her Experian and Trans Union credit reports.

28. Experian, Trans Union, and Equifax are the three major credit reporting agencies.

29. Experian was reporting that $411 dollars is past due.

30. The Experian report lists Plaintiff's account number which is the same number as on Attachment 1 and in the bill Plaintiff received.

31. Trans Union was reporting that $411 dollars is past due.

32. The Trans Union report lists Plaintiff's account number which is the same number as on Attachment 1 and in the bill Plaintiff received.

33. Upon information and belief, Defendant is reporting the $411 debt on Plaintiff's Equifax credit report.

34. Plaintiff submitted disputes to Experian, Trans Union, and Equifax.

35. Plaintiff included her zero balance statement in the disputes.

36. The disputes were detailed, they included the account number, her name, address, date of birth, and social security number.

37. Plaintiff received responses from Trans Union and Experian.

38. Trans Union and Experian both continued to report the $411 as delinquent and owed.

39. Upon information and belief, specifically, because the Fair Credit Reporting Act requires them do so, the credit reporting agencies forwarded the disputes to Defendant.

40. Upon information and belief, Defendant reported back to the credit reporting agencies that the information was correct, that the $411 was still owed and that it was delinquent.

41. Plaintiff does not owe the $411.

42. Plaintiff was not delinquent in paying the $411.

43. Defendant has acknowledged that Plaintiff did not owe the $411.

44. It is inaccurate, incomplete, and misleading to report that Plaintiff owes the $411.

45. It is inaccurate, incomplete, and misleading to report that Plaintiff was delinquent on the $411.

46. Upon information and belief, Plaintiff's account was closed at the time of the zero balance statement.

47. Plaintiff has attempted to resolve this issue through numerous different avenues.

48. Plaintiff's credit score has decreased as a result of Defendant's inaccurate reporting.

49. Plaintiff has suffered emotional distress in the form of anger, hopelessness, and fear as a result of Defendant's actions.

50. Plaintiff has suffered out of pocket expenses in purchasing consumer reports in order make sure this information was not on her credit report.

## COUNT I

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

51. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

52. The foregoing acts and omissions of Defendant constituted numerous and multiple violations of the FCRA, including, but not limited to, 15 U.S.C. § 1681s-2(b).

53. Defendant's actions and omission were, and continue to be, the direct and proximate cause of substantial financial, mental, and emotional damage to Plaintiff.

54. Defendant negligently disregarded its duties under 15 U.S.C. § 1681s-2(b).

55. Plaintiff is entitled to recover from Defendant actual damages, costs, and attorneys' fees as provided by the FCRA, 15 U.S.C. § 1681o.

56. Defendant willfully and recklessly disregarded its duties under 15 U.S.C. § 1681s-2(b).

57. Plaintiff is entitled statutory damages, actual damages, punitive damages, costs, and attorneys' fees as provided by the FCRA, 15 U.S.C. §1681n.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that a judgment and order be entered against Defendant as follows:

- for actual damages as provided by the FCRA;
- for statutory damages as provided by the FCRA;
- for punitive damages as provided by the FCRA;
- for additional damages as the court may allow, as provided by the FCRA;
- for reasonable costs and attorney's fees, as provided by the FCRA; and
- for such other and further relief as may be just and proper.

DATED: July 1, 2016                                **McDONOUGH & NOWICKI PLLC**

/s/ Nicholas R. Nowicki

Nicholas R. Nowicki
AZ Lic. # 029740
McDonough & Nowicki PLLC
7025 E. Vernon Avenue
Scottsdale, AZ 85257
Telephone: 612-217-0257
Email: nik@mcnowick.com

*Attorney for Plaintiff,
Deborah Hemphill*